UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT B. MOSES, | No.  2:18-cv-00434-MCE-AC |
| Plaintiff, | |
| v. | ORDER |
| MUNICIPALITY CITY OF REDDING, | |
| Defendant. | |

The court is in receipt of plaintiff's motion to appoint counsel.  ECF No. 10.  Plaintiff is incarcerated, and is bringing his civil rights case under 42 U.S.C. § 1983 as a self-represented litigant proceeding in forma pauperis.  ECF No. 1, 2, 5 and 10.

**I.       Motion**

Plaintiff requests that the court appoint counsel, asserting that he is not familiar with the legal process and lacks regular access to the prison law library.  ECF No. 10 at 1.  Plaintiff also asserts that the case is complex, and that he has tried to find legal counsel on his own.  Id.

**II.      Analysis**

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

Housewright, 900 F.2d 1332, 1335–36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered the relevant factors, the court finds there are no exceptional circumstances in this case, and that appointment of counsel is not warranted at this time.  Plaintiff's case is not overly complex.  See ECF No. 1.  Plaintiff's alleged difficulty in accessing the law library and his property does not constitute exceptional circumstances.  "Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel."  Kent v. U.C. Davis Med. Ctr., No. 215CV1924WBS AC P, 2016 WL 4208572, at *1 (E.D. Cal. Aug. 10, 2016).  Appointment of counsel therefore is not appropriate.

### III.     Conclusion

Plaintiff's motion to appoint counsel (ECF No. 10) is DENIED.

IT IS SO ORDERED.

DATED: April 24, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2