UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT B. MOSES,<br><br>Plaintiff,<br><br>v.<br><br>MUNICIPALITY CITY OF REDDING,<br><br>Defendant. | No. 2:18-cv-00434 MCE AC PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding in this case in pro se. The proceeding has accordingly been referred to the magistrate by E.D. Cal. R. ("Local Rule") 302(c)(21). Defendant moves to dismiss based on lack of jurisdiction and time bar. ECF No. 14. The court has considered the motion, plaintiff's opposition (ECF No. 17) and the complaint (ECF No. 1), and recommends that the motion to dismiss be granted in part and denied in part.

                                                              I.      BACKGROUND

Plaintiff filed his complaint and a request to proceed in forma pauperis ("IFP") on February 16, 2018. ECF Nos. 1, 2. Plaintiff marked the box on his form complaint asserting jurisdiction pursuant to 28 U.S.C. § 1343(a) and 42 U.S.C. § 1983. ECF No. 1 at 1. Plaintiff claims that while riding his bike around 10:30 a.m. in December of 2016, he hit a storm drain without cross-member bars or other protective mechanisms and his front tire caught, resulting in him being thrown off the bike. ECF No. 1 at 3. Plaintiff alleges the fall caused him serious

injury. Id. Plaintiff alleges the storm drain was located in the middle of a well-traveled parking lot at 2800 Block, Bachelli Lane. Id. Plaintiff alleges that despite a 911 call and his treatment by an ambulance, nothing has been done to remedy the issue of the storm drain. Id. Plaintiff brought three claims, each of which are identified as "constitutional and civil liability of municipalitys, constitutional tort law." Id. at 3-4.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court issued a screening the complaint and issued an order on March 28, 2018, finding in relevant part as follows:

> Construing plaintiff's complaint in the light most favorable to plaintiff, the court interprets the complaint as making two claims: (1) a state law negligence claim, and (2) a substantive due process claim under the Fourteenth Amendment. See Wood v. Ostrander, 879 F.2d 583, 596 (9th Cir. 1989) (denying summary judgment on a § 1983 claim where a state actor allegedly affirmatively placed plaintiff in danger). . . . Thus, plaintiff presents a constitutional claim that is plausible for the purposes of screening.

ECF No. 4.

## II. ANALYSIS

A. <u>Defendant Has Not Established the Absence of Subject Matter Jurisdiction</u>

Defendant's argument regarding subject matter jurisdiction is two brief paragraphs long. ECF No. 14 at 4. Defendant acknowledges that plaintiff has asserted a federal statutory basis for his lawsuit, then contends in conclusory fashion that "none of [plaintiff's] legal authorities are germane to the allegations of the Complaint," and that "[t]his is a simple personal injury case." Id. Defendant completely ignores the fact that the court has already construed the complaint as alleging a substantive due process claim under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. ECF No. 4 at 4; see Wood v. Ostrander, 879 F.2d 583, 596 (9th Cir. 1989) (denying summary judgment on a § 1983 claim where a state actor allegedly affirmatively placed plaintiff in danger). The presence of plaintiff's federal §1983 claim, confirmed by the screening order, provides a basis for jurisdiction. 28 U.S.C. § 1331. Accordingly, defendant's jurisdictional challenge necessarily fails.

B. <u>Defendant Has Not Established That the Complaint is Untimely</u>

The second ground for the motion is that "the case should be dismissed pursuant to FRCP 23(b)(6) because it is barred by the statute of limitations." ECF No. 14 at 5. Defendant's argument in support of this proposition consists of 8 lines of text, only one sentence of which even involves the statute of limitations. <u>Id.</u> After correctly stating the proposition that § 1983 claims are subject to the forum state's statute of limitations, defendant shifts to a discussion of the California Tort Claims Act. <u>Id.</u> The California Tort Claims Act does not create a statute of limitations, it requires presentation of an administrative claim as a condition precedent to suit. <u>See</u> <u>State v. Superior Court (Bodde)</u>, 32 Cal. 4th 1234, 1239 (2004); <u>Shirk v. Vista Unified Sch. Dist.</u>, 42 Cal.4th 201, 209 (2007). Defendant does not discuss the statute of limitations that applies to this case. Because defendant has raised the issue, however, the undersigned will do so briefly.

Claims under § 1983, along with state personal injury tort claims themselves, are governed by the forum state's statute of limitations for personal injury suits. <u>Wallace v. Kato</u>, 549 U.S. 384, 385 (2007). California law provides a two-year statute of limitations for personal-injury actions, plus an additional two years tolling the statute of limitations based on the disability of imprisonment. <u>See</u> <u>Jones v. Blanas</u>, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Civ. Proc. Code §§ 335.1, 352.1). Plaintiff's alleged injury took place in December of 2016 (ECF No. 1 at 3); his complaint filed February 16, 2018 is accordingly timely. ECF Nos. 1, 2.

Defendant's assertion of the statute of limitations is frivolous.

C. <u>The California Tort Claims Act Bars Plaintiff's State Law Claim</u>

The issue under the Tort Claims Act, which is distinct from the timeliness of the lawsuit, is not frivolous and is fairly presented despite the brevity of defendant's argument. The California Tort Claims Act requires a "claim relating to a cause of action for death or for injury to person or to personal property [to] be presented [to the government] not later than six months after the accrual of the cause of action." Cal. Gov't Code § 911.2. Compliance with the Tort Claims Act requires the timely presentation of a claim against a public entity as a condition precedent for suit, <u>Mangold v. California Public Utilities Com'n.</u>, 67 F.3d 1470, 1477 (9th

Cir.1995), and "failure to file a claim is fatal to a cause of action," Hacienda La Puente Unified School Dist. Of Los Angeles v. Honig, 976 F.2d 487, 495 (9th Cir. 1992).

Plaintiff checked the "no" box on his complaint as to each claim in response to the question "Did you submit a request for administrative relief?" ECF No. 1 at 3-5. By way of explanation, plaintiff wrote that his claim does not apply to the institution of incarceration. Id. Plaintiff's reasoning is mistaken. Even though his complaint does not challenge his institution of incarceration, and so the administrative exhaustion requirement of the Prison Litigation Reform Act does not apply, he was nonetheless required to comply with the California Tort Claims Act because he is suing a municipality. Under the Tort Claims Act, plaintiff had 6 months after his injury to present his claim to the public entity. Cal. Gov't Code § 911.2. Plaintiff did not make the required presentation, the time to do so has expired, and his state claim is therefore barred.

However, "[t]he California Tort Claims Act does not apply to federal constitutional claims under 42 U.S.C. § 1983." Hai T. Le v. Hilton Hotel, 2010 WL 144809, *9 n. 9 (N.D. Cal. 2010); see also, Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008) (same); Williams v. Horvath, 16 Cal.3d 834, 842 (1976) (same). Thus, while plaintiff's state tort claim must be dismissed, plaintiff's § 1983 claim will proceed.

### III. PRO SE PLAINTIFF'S SUMMARY

The defendant has moved to dismiss your case. The magistrate judge is recommending that your state tort claim be dismissed because you did not file a claim with the municipality within 6 months of your accident, as required by the California Tort Claims Act. The magistrate judge is recommending that your constitutional claim under 42 U.S.C. § 1983 not be dismissed.

### IV. RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that defendant's motion (ECF No. 14) be GRANTED as to plaintiff's state tort claim, but DENIED as to defendant's 42 U.S.C. § 1983 claim.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, parties may file written

objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 10, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE