1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROBERT B. MOSES,                              No.  2:18-cv-00434-MCE-AC

12                    Plaintiff,

13           v.                                     ORDER

14    MUNICIPALITY CITY OF REDDING,

15                    Defendant.

16

17           The court is in receipt of plaintiff's motion to appoint counsel.  ECF No. 26.  Plaintiff is

18    incarcerated, and is bringing his civil rights case under 42 U.S.C. § 1983 as a self-represented

19    litigant proceeding in forma pauperis.  ECF No. 1, 2, 5 and 10.

20                                **I.      Motion**

21           Plaintiff makes a second request that the court appoint counsel.  ECF No. 26.  Plaintiff

22    acknowledges this court has already denied a previous motion to appoint counsel.  ECF No. 11.

23    Plaintiff assets he needs counsel because he is disadvantaged due to imprisonment with respect

24    tot participating in discovery, contacting witnesses, and gathering outside evidence.  ECF No. 26

25    at 1.

26                                **II.     Analysis**

27           As previously explained to plaintiff, district courts lack authority to require counsel to

28    represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S.

                                              1

296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  <u>See</u> 28 U.S.C. § 1915(e)(1); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335–36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered the relevant factors, the court finds there are no exceptional circumstances in this case, and that appointment of counsel remains unwarranted.  Plaintiff's case is not overly complex.  <u>See</u> ECF No. 1.  Plaintiff's alleged difficulty in participating in litigation due to his imprisonment does not constitute exceptional circumstances.  "Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel." <u>Kent v. U.C. Davis Med. Ctr.</u>, No. 215CV1924WBSACP, 2016 WL 4208572, at *1 (E.D. Cal. Aug. 10, 2016).  Appointment of counsel therefore is not appropriate.

### III.    Conclusion

Plaintiff's motion to appoint counsel (ECF No. 26) is DENIED.

IT IS SO ORDERED.

DATED: November 30, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2