UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT B. MOSES, | No. 2:18-cv-0434 MCE AC (PS) |
| Plaintiff, | |
| v. | ORDER |
| MUNICIPALITY CITY OF REDDING, | |
| Defendant. | |

Plaintiff seeks an extension of the dispositive motions deadline. ECF No. 29. Plaintiff is incarcerated, and is bringing his civil rights case under 42 U.S.C. § 1983 as a self-represented litigant proceeding in forma pauperis. ECF No. 1, 2, 4. The proceeding has accordingly been referred to the undersigned pursuant to E.D. Cal. R. ("Local Rule") 302(c)(21).

On December 17, 2018, the court issued a scheduling order setting April 5, 2019 as the deadline to file any motions to compel discovery (with all discovery requests to be served by February 22, 2019); and setting June 28, 2019 as the deadline to file dispositive motions. ECF No. 28 at 5. From then until the present motion, neither party has filed any documents or brought any motions.

In the instant motion, which is dated June 25, 2019 and was docketed on July 3, 2019, plaintiff requests that the court: (1) order the production of certain documents; (2) extend the summary judgment motion deadline by an unspecified period of time; and (3) order defendant to

1

label all further written communication sent to plaintiff as "Legal Mail." ECF No. 29 at 1-5. Plaintiff states that defendant's failure to mark its correspondence as Legal Mail, despite his requests, has cost him "18 days out of a 42-day deadline." Id. at 1-2. Plaintiff attaches documents that he sent to defendant in February and April 2019 requesting that all return responses be labeled as Legal Mail, as well as a copy of an envelope addressed to plaintiff, bearing a City of Redding return address (with no Legal Mail designation), which plaintiff received in March 2019. Id. at 8-11. Plaintiff does not explain the basis for his request that the court order defendant to produce discovery documents, but he attaches a copy of his undated discovery requests and defendant's response, dated March 29, 2019, objecting to each of his requests. Id. at 6-7, 12-14.

Good cause appearing, the court will grant a 30-day extension of the dispositive motions deadline. However, because the discovery deadline passed over three months ago and plaintiff does not provide any explanation for his production request, the court will not re-open discovery in this matter. The court must also deny plaintiff's Legal Mail labeling request. The term "legal mail" is a technical one, and while it generally applies to correspondence between a party and his counsel, the term may or may not apply to other case-related correspondence, depending on the institution's regulations. Here, plaintiff has not provided any authority for his assertion that opposing counsel's correspondence to him qualifies as "legal mail" as defined by the prison's regulations. Therefore, the court cannot order defendant to label its mail as such.[1]

IT IS HEREBY ORDERED that:

1. Plaintiff's request for an extension of time (ECF No. 29) is GRANTED; and
2. The deadline for dispositive motions is extended to August 9, 2019.

DATED: July 9, 2019.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] The court notes, however, that defendant might consider indicating on the exterior of any future mailings to plaintiff in this case that the item is being sent from the City Attorney's Office.