UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT B. MOSES,<br><br>       Plaintiff,<br><br>   v.<br><br>MUNICIPALITY CITY OF REDDING,<br><br>       Defendant. | No. 2:18-cv-00434 MCE AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se, and the action was accordingly referred to the undersigned by Local Rule 302(c)(21). The case is before the court on the parties' cross-motions for summary judgment. ECF No. 31 (defendant's motion), 32 (plaintiff's motion), 33 (defendant's opposition). For the reasons that follow, the undersigned recommends that defendant's motions for summary judgment be GRANTED, plaintiff's motion for summary judgment be DENIED, and that judgment be entered in defendant's favor.

## I. **Background**

Plaintiff filed his complaint on February 16, 2018. ECF No. 1. Plaintiff marked the box on his form complaint asserting jurisdiction pursuant to 28 U.S.C. § 1343(a) and 42 U.S.C. § 1983. ECF No. 1 at 1. On October 23, 2018, District Judge Morrison C. England adopted findings and recommendations on a motion to dismiss, ruling that defendant failed to establish lack of subject matter jurisdiction or untimeliness arising from the face of the complaint, but that

1

the California Tort Claims Act barred plaintiff's state tort claim.  ECF No. 19, 21.  The action proceeded on plaintiff's claim under 42 U.S.C. § 1983, which the court construed as a substantive due process claim of deliberate indifference under the Fourteenth Amendment per <u>Wood v. Ostander</u>, 879 F.2d 583, 596 (9th Cir. 1989).  <u>Id.</u>

## II.  **Standards for Summary Judgment**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Under summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact."  <u>In re Oracle Corp. Sec. Litig.</u>, 627 F.3d 376, 387 (9th Cir. 2010) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)).  The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case."  <u>Oracle Corp.</u>, 627 F.3d at 387 (citing <u>Celotex</u>, 477 U.S. at 325); <u>see also</u> Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  <u>Celotex</u>, 477 U.S. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  <u>Id.</u> at 323.  In such a circumstance, summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied."  <u>Id.</u>

*////*

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 447 U.S. at 248. In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "'the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Cent. Costa Cnty. Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

### III.    Undisputed Facts

Unless otherwise specified, the following facts are either expressly undisputed by the parties or have been determined by the court, upon a full review of the record, to be undisputed by competent evidence.  On September 25, 2016, plaintiff suffered personal injuries as a result of a bicycle accident that occurred in the parking lot of 2950 Bechelli Lane, located in the City of Redding.  ECF No. 31 at 58 (Redding Fire Department Accident Report).  The fire department report indicates that plaintiff had ridden over a storm drain grate and his front tire fell between the bars, causing him to go over the handlebars of his bicycle and hit his face on the ground.  Id.  Plaintiff was alert and oriented, denied loss of consciousness, reported that he was not wearing a helmet, suffered a bloody nose, face lacerations, and slightly loose front teeth.  Id.  Plaintiff was transported to Shasta Regional Medical Center.  Id., ECF No. 31 at 71 (Shasta Regional Medical Center Emergency Room Report).

The location of the storm drain at issue was reviewed by Public Works Supervisor Matthew E. Cervenka from the City of Redding.  Id. at 84 (Cervenka Declaration).  Mr. Cervenka declares under penalty of perjury that the storm drain at issue in this case is a private area drain, located on private property, that was constructed and installed by private property owners and is exclusively maintained by the private property owners.  Id.  Mr. Cervenka declares that the drain and drain grate are within the exclusive control of private property owners and that the City of Redding does not exercise any control over the drain or grate.  Id. at 85.  Finally, Mr. Cervenka declares that he researched the records relative to the storm drain grate area at 2950 Bechelli Lane and found no other reports of incidents, complaints, or accidents involving the subject storm drain prior to the date of the incident at issue in this case.  Id.  Defendant has also submitted the sworn statement of City Surveyor Ken Iwamura, who reviewed the property at issue and found that 2950 Bechelli Lane is private property with no indication of any public easements.  ECF No. 33-1 at 72-73.

### IV.    Analysis

The evidence presented on cross-motions for summary judgment compels judgment in favor of defendant on plaintiff's only remaining claim.  "To sustain an action under section 1983,

4

a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." <u>Wood,</u> 879 F.2d at 587. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Here, defendant has submitted evidence establishing that the drain and grate at issue were not placed, owned, or maintained by the City. ECF No. 31 at 84-85. Plaintiff has identified no evidence that creates a triable issue of fact about the ownership of and responsibility for maintenance of the drain and grate. Accordingly, the City did not commit any action toward plaintiff under color of state law. Because defendant was not responsible for and had no control over the drain at issue, it did not deprive plaintiff of any constitutional right with respect to the safety of the drain. Plaintiff's motion, which focuses on the dangerousness of the drain (ECF No. 32 at 2-3), does not refute the evidence that the City, the only defendant in this case, had no control over the drain. Plaintiff asserts that between the dates of 9-25-16 to 5-8-18 the defendant did some type of maintenance work on the drain, ECF No. 32 at 4, but he identifies no evidentiary support for this contention and no evidence that any maintenance work that was performed was ordered or performed by the defendant.

The court makes no finding as to the dangerous condition of the drain, and it need make no such finding. The fact that the only defendant in this case does not and has never exercised any control over the drain is sufficient to warrant summary judgment in defendant's favor.

V. **Conclusion**

In light of the foregoing, IT IS RECOMMENDED that:

1.      Defendant's motion for summary judgment (ECF No. 31) be GRANTED; and

2.      Plaintiff's motion for summary judgment (ECF No. 32) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days

5

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

    IT IS SO ORDERED.

DATED: November 13, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE